1  GREGORY J. ARPIN
   GERALD KOBLUK
2  CHRISTOPHER S. CRAGO
   PAINE HAMBLEN LLP
3  717 W. Sprague Avenue, Suite 1200
   Spokane, WA 99201-3505
4  (509) 455-6000

5  Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MASTABA, INC., a Philippine corporation, | No. CV-13-5049-EFS |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| vs. | |
| LAMB WESTON SALES, INC., a Delaware corporation; LAMB-WESTON, INC., , a Delaware corporation; CONAGRA FOODS, INC., a Delaware corporation; CONAGRA FOODS LAMB WESTON, INC., a Delaware corporation; MICHAEL L. NEAL, individually and as to his marital community; and KENNETH SOH, individually and as to his marital community, | |
| Defendants. | |

This Protective Order (hereinafter "Order") is entered pursuant to Fed R. Civ. Proc. 26(c). The parties have stipulated and agreed, and the Court recognizes, that the parties and non-party witnesses to this action may possess private, trade

[PROPOSED] PROTECTIVE ORDER - 1

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201 PHONE: (509) 455-6000

secret, and/or proprietary information, which is confidential or of competitive commercial value and may be subject to discovery in this action, but which should not be made available to competitors or to the public generally.

Accordingly, IT IS HEREBY ORDERED as follows:

A.  CONFIDENTIAL Documents Defined.

1. Documents or information produced or disclosed within any proceeding, formal or informal, including but not limited to, written discovery, depositions, affidavits, document production and expert disclosures, by any of the parties to this action or by any non-party witness, which a party or witness designates as "Confidential." For purposes of this Protective Order, Confidential information includes, but is not limited to, documents that contain trade secrets, proprietary or commercially sensitive information, employee records and personnel files, and any other information subject to privacy rights. If discoverable, employee records and personnel files may be marked Confidential. By agreeing to this Order and defining Confidential information the parties are not agreeing or stipulating that any specific documents are discoverable, and reserve all rights and objections. Not all documents are Confidential; however, a producing party reserves the right to evaluate such documents and to designate such documents or portions thereof should they contain Confidential or Attorneys' Eyes Only information within. Confidential information shall be revealed only to: (a) the Court, the Court's staff and any Court-appointed mediators, arbitrators or

expert witnesses; (b) the parties and their officers, employees, and agents who are providing assistance to counsel in this action (including in-house counsel participating in the defense of this action), and any persons joined as parties in the future; (c) the parties' attorneys of record and those attorneys' associates, assistants, employees, and vendors; (d) consultants, technical experts, expert witnesses, potential fact witnesses, and agents involved in the preparation of this action who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; (e) insurers or representatives of the parties who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; and (f) court reporters, their transcribers, assistants, and employees. Documents which a Party or its legal counsel has caused or permitted to enter the public domain through means other than litigation shall not be deemed confidential.

    B.    ATTORNEYS' EYES ONLY Documents Defined.

    2.    The Parties may also designate certain Confidential documents or information as "Attorneys' Eyes Only." Information and documents identified as Attorneys' Eyes Only may be disclosed only to the parties' attorneys of record in this matter, and shall not be reproduced by any means. After review, if the attorneys for the party receiving such documents or information identified as Attorneys' Eyes Only believe that such documents or information must be reviewed by an individual representative of their client, an expert, or other person,


1  that party's attorneys shall make a request in writing specifically identifying the
2  individuals to whom they intend to disclose the documents or information and
3  stating the basis for such disclosure.

4      C.    Use of CONFIDENTIAL and ATTORNEYS' EYES ONLY
5  Documents.

6      3.    The parties, counsel for the parties, and all other persons to whom
7  CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information is
8  disclosed in accordance with this Protective Order shall use all such documents or
9  information solely for the purposes of case preparation and trial in this litigation.

10     4.    Before disclosing CONFIDENTIAL or ATTORNEYS' EYES ONLY
11 documents or information in accordance with this Protective Order to any person
12 or entity other than the Court, court reporters, and their respective staff or a party,
13 its officers, employees, or agents who are providing assistance to counsel in this
14 civil action, or attorneys for a party and their paralegals or clerical staffs, counsel
15 for the party seeking to disclose such information shall obtain that person's
16 signature to the "Agreement to be Bound by Protective Order," attached hereto as
17 Exhibit A. Such person shall sign and date a copy of the "Agreement to be Bound
18 by Protective Order," evidencing his or her agreement to be bound thereby. Such
19 counsel shall maintain all signed copies of the "Agreement to be Bound by
20 Protective Order" until the conclusion of this case, as defined below, and shall be
21 required to provide a copy of any signed "Agreement to be Bound by Protective

22 [PROPOSED] PROTECTIVE ORDER - 4     *PAINE HAMBLEN LLP*
    *717 WEST SPRAGUE AVENUE, SUITE 1200*
23     *SPOKANE, WA  99201 PHONE: (509) 455-6000*

24

1  Order" to the producing party upon request.

2      5.    Written material submitted to the Court that contains, refers to or reveals CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be subject to this Protective Order, and (as appropriate) shall be accompanied with a motion to file under seal. Upon filing, the Clerk is directed to maintain such documents under seal and to make such documents available only to the Court, Court personnel, and counsel for the parties to this action.

    6.    Depositions or portions thereof may be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by informing the court reporter (and videographer, if applicable) at the time of the deposition and/or within no later than fifteen (15) days after the transcript has been provided to counsel. The court reporter (and/or videographer) shall indicate that such designation was made and shall stamp or mark the face of the transcript (and/or videotape) accordingly. All depositions, deposition testimony and deposition exhibits containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be deemed Confidential as designated until fifteen (15) days after receipt of the final transcript from the court reporter by the producing party. If a deponent refuses to agree to sign the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A, disclosure of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information during the deposition shall not constitute a waiver of confidentiality.

[~~PROPOSED~~] PROTECTIVE ORDER - 5

*PAINE HAMBLEN LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA  99201 PHONE: (509) 455-6000*

7. In the event that any entity, person or party bound by this Protective Order having possession, custody or control of any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information receives a subpoena, other process or court order to produce such CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information in any case, proceeding or forum, such entity, person or party shall notify the attorneys of the producing party and furnish such attorneys with a copy of said subpoena, other process or order as soon as reasonably practicable within the time period for compliance with such subpoena, process or court order. The producing party shall then have the burden of opposing such subpoena, process or order and obtaining relief from compliance within the time period for compliance with the subpoena, process or order if it wishes to prevent disclosure of the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information. The CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information will be maintained and not disclosed until after any final determination by a court of competent jurisdiction, including appeals, on any motion to quash or for protective order that is filed.

8. In the event that counsel disagree with the propriety of the designation of any item or items as being CONFIDENTIAL or ATTORNEYS' EYES ONLY, the objecting party's counsel shall so advise opposing counsel by specifying the item or items in question. In the event that an agreement cannot be reached between counsel concerning the propriety of the designation, the objecting

party shall file a motion with the Court challenging the propriety of the designation under applicable Court rules or statutes and case law. Any such item or items shall continue to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and subject to this Protective Order and any other related Order, until such time as the motion has been ruled upon. In connection with such a motion, the Court, in its discretion, may award costs and reasonable attorneys' fees against any party that it finds acted unreasonably in designating a document or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

9. At the conclusion of this case (which shall be upon entry of a final judgment in the last of any proceeding under the case number regardless of whether an appeal is taken by any party), all CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced by any party and designated as subject to this Order, including all copies, extracts and summaries thereof, shall be returned upon request to the producing party within one hundred twenty (120) days after such request is made. One copy of the returned documents shall be maintained by the producing party. Attorney work product containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be destroyed instead of being returned to the producing party, provided that counsel certifies in writing no later than thirty (30) days after the request of the producing party that such destruction has occurred.

[PROPOSED] PROTECTIVE ORDER - 7

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201 PHONE: (509) 455-6000

D. Other Provisions Applicable to CONFIDENTIAL and ATTORNEYS' EYES ONLY Documents.

10. Any CONFIDENTIAL or ATTORNEYS' EYES ONLY information that is inadvertently produced without the appropriate designation or other identification as to its confidential nature may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in writing within forty five (45) days of the date of the original production of such information by the producing party.

11. Should any CONFIDENTIAL or ATTORNEYS' EYES ONLY information be inadvertently disclosed to any person not allowed access under the terms and provisions of this order, then the disclosing party, promptly upon becoming aware of such disclosure, shall (a) identify such person to the producing party; (b) inform such person of all the provisions of this order; (c) request that such person sign the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; and (d) use its best efforts to retrieve all CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information that the person was not authorized to receive.

12. This Protective Order is entered for the purpose of facilitating the exchange of documents and other materials without involving the Court unnecessarily in the process. Nothing in this order, nor the production of any document or other materials under the terms of this order, nor any proceedings pursuant to this order, shall be deemed: (a) to have the effect of an admission or

waiver by any party or third party; (b) to alter the confidentiality or non-confidentiality of any such document or other material; (c) to alter any existing obligation of any party or third party; or (d) preclude the parties from exercising any rights or raising any objections available to them under the rules of discovery and evidence and case law construing the same.

13. The terms of this Protective Order shall remain in effect after the conclusion of this case, and this Court hereby retains jurisdiction to interpret and enforce this Protective Order pursuant to and under the Federal Rules of Civil Procedure following the conclusion of this case. The parties, including all experts and other persons subject to discovery in this action or who receive a copy of this Protective Order, hereby consent to the jurisdiction of this Court for the purpose of enforcement of this Protective Order.

14. All documents produced that the producing party intends to be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be so marked.

### E. PRIVILEGED DOCUMENTS

15. In the event that a document as to which a privilege from production or disclosure is claimed (including but not limited to attorney-client privilege and/or the work product doctrine) is inadvertently disclosed during document inspection and/or copying, such inadvertent disclosure shall not constitute a waiver of any privilege with respect to such document or any other documents, and such document (and all copies made thereof) will be promptly returned to the

1  producing party upon demand.

2      16.    Production of documents on which there are notations indicating that they were carbon copied or otherwise transmitted to in-house or outside attorneys or claim representatives does not constitute a waiver of the attorney-client privilege or work product immunity as to: (a) any other documents or communications; or (b) any communications with any attorneys.

    DATED this 26th day of November, 2013.

                                           s/ Edward F. Shea
                                           United States District Judge

[PROPOSED] PROTECTIVE ORDER - 10

*PAINE HAMBLEN LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA 99201 PHONE: (509) 455-6000*

Exhibit A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have reviewed a copy of the Protective Order entered in the litigation known as *Mastaba, Inc. v. ConAgra Foods, Inc., et. al., Case No. CV-13-5049-EFS* in the United States District Court, Eastern District of Washington. I understand the limitations this Protective Order imposes on the use and disclosure of documents and/or information designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY. I agree to be bound by all of the terms of the Protective Order. I further understand that the unauthorized use or disclosure of documents and/or designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY may constitute contempt of Court, and I hereby consent to the personal jurisdiction of the United States District Court, Eastern District of Washington, in connection with the use or disclosure of such information.

DATED this _____ day of _____, _____.

Print Name:_____

I:\Spodocs\36238\00004\PLEAD\01199838.DOC

[~~XXXXXXXX~~][PROPOSED] PROTECTIVE ORDER - 11

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE: (509) 455-6000